IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORRIGENT CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 22-496-RGA |
| | : | |
| DELL TECHNOLOGIES, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Defendants filed a motion to dismiss. (D.I. 10). It has been fully briefed. (D.I. 11, 16, 18). The parties have resolved a significant portion of the motion by stipulation. (D.I. 12).

Two issues remain—section 101 challenges to two of the four asserted patents.

One of the challenged patents is the '369 patent asserted in Count I. Claim 15 is said to be representative. I do not need to consider its representativeness, because (at the motion to dismiss stage) I am not convinced that Claim 15 is claiming patent-ineligible subject matter. It claims an apparatus that performs diagnostic testing on idle traces, and it seems sufficiently specific that I do not think I can say it is claiming an abstract idea. I express no opinion on whether it has an inventive concept.

The second challenged patent is the '485 patent asserted in Count II.[1] Claim 16 is said to be representative. It reads:

> 16. Apparatus for measuring latency in a network in which traffic is transmitted in a plurality of classes of service, the apparatus comprising a node in the network, which generates a latency measurement packet containing an indication that the packet belongs to a selected one of the classes of service and to transmit the latency measurement packet,

---

[1] Defendants' briefs argue the '485 patent first and the '369 patent second. (D.I. 11, D.I. 18). Plaintiff's brief reverses the order. (D.I. 16). I doubt that either side chose the order unintentionally.

so that the packet is passed through the network at a level of service accorded to the class, the node notes a time of receipt of the latency measurement packet at a destination in the network and to calculate the latency for the selected one of the classes of service by taking a difference between a time of transmission of the latency measurement packet and the time of receipt thereof.

The patent's Abstract is essentially the same, though described as a method:

A method for measuring latency in a bi-directional ring network includes transmitting a latency measurement packet from an originating node to a peer node and noting a time of receipt of the packet at the peer node. The packet is then transmitted back to the originating node in the opposite direction, while recording in the packet an indication of a peer node difference between a time of transmission of the packet from the peer node to the originating node and the time of receipt of the packet at the peer node. A time of return of the packet to the originating node is noted, so as to determine an originating node difference between a time of transmission of the packet from the originating node to the peer node and the time of return of the packet to the originating node. The latency is calculated by taking a difference between the originating node difference and the peer node difference.

In view of the above, I agree with Defendants that this claim is patent-ineligible. It claims an abstract idea. I would characterize the abstract idea as measuring latency[2] by subtraction. I think that characterization is apparent just from reading Claim 16. I further think it is clear that there is no inventive concept. Plaintiff's explanation (D.I. 16 at 18) that the packet (called a latency measurement packet, or LMP) identifies a class of service to which it belongs and reports results for that class does not constitute an inventive concept. Classes of service were already "common" at the time of the invention. ('485 patent, 1:56-63). I do not think, however, that Claim 16 is necessarily representative of every claim of the patent. I note for example that Claim 9, which is an independent method claim, consists of substantially more than just the subtraction that is at the heart of Claim 16.

The motion to dismiss (D.I. 10) is GRANTED in part and DENIED in part. Claim 16 of the '485 patent is DISMISSED with prejudice.

---

[2] Latency (or latency of transmission) is how long it takes for a data packet to reach a destination after it is sent. '485 Patent, 2:34-41.

IT IS SO ORDERED this 3rd day of March 2023.

/s/ Richard G. Andrews
United States District Judge