IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORRIGENT CORPORATION and<br>NAHUM COMMUNICATIONS N.T.B. LTD,<br><br>Plaintiffs,<br><br>v.<br><br>DELL TECHNOLOGIES INC. and<br>DELL INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 22-496 (RGA)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>) |

### DEFENDANTS DELL TECHNOLOGIES INC. AND DELL INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Dell Technologies Inc. and Dell Inc. ("Defendants" or "Dell"), by and through their attorneys, hereby answer the First Amended Complaint ("Complaint") filed against them by Plaintiffs Corrigent Corporation ("Corrigent") and Nahum Communication N.T.B. Ltd. ("Nahum") (collectively, "Plaintiffs"), as follows. Anything in the Complaint that is not expressly admitted is hereby denied.

The headings and subheadings in Dell's Answer are used solely for purposes of convenience and organization to mirror those appearing in the Complaint; to the extent that any headings or other non-numbered statements in the Complaint contain or imply any allegations, Dell denies each and every allegation therein.

### ANSWER TO THE FIRST AMENDED COMPLAINT

### NATURE OF THE ACTION

1. Dell admits that the Complaint was filed as a civil action alleging patent infringement under the Patent Laws of the United States, Title 35 of the United States Code involving the patents listed ("Asserted Patents") in paragraph 1. Dell denies Corrigent's allegations of infringement and otherwise denies the allegations in paragraph 1.

## THE PARTIES

2. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and on that basis denies each and every allegation.

3. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and on that basis denies each and every allegation.

4. Dell admits that Dell Technologies Inc. is a corporation organized under the laws of the State of Delaware. Dell admits that its principal place of business is One Dell Way, Round Rock, Texas 78682. Otherwise, Dell denies the allegations in paragraph 4.

5. Dell admits that Dell Inc. is a corporation organized under the laws of the State of Delaware. Dell admits that its principal place of business is One Dell Way, Round Rock, Texas 78682. Otherwise, Dell denies the allegations in paragraph 5.

## JURISDICTION AND VENUE

6. Dell admits that the Complaint purports to set forth an action for patent infringement, but denies that there are any factual or legal bases for Corrigent's claims. To the extent paragraph 6 alleges legal conclusions, no response is required. To the extent an answer is required, Dell denies paragraph 6.

7. To the extent paragraph 7 alleges legal conclusions, no response is required. To the extent an answer is required, Dell admits that, for purposes of this action, this Court has personal jurisdiction over Defendants because they are Delaware corporations. Dell also admits that, for purposes of this action, venue is proper in this District. Dell denies the remaining allegations of paragraph 7.

8. Dell admits that, for purposes of this action, this Court has personal jurisdiction over Defendants because they are Delaware corporations. Defendants deny that they committed and continue to commit, whether in the State of Delaware or elsewhere, acts of infringement, either

directly and/or through intermediaries, including acts that allegedly give rise to this action. To the extent this paragraph contains legal conclusions as to which no response is required, Dell denies those allegations on that basis. To the extent an answer is required, Dell denies the remaining allegations of paragraph 8.

9. Dell admits that, for the purposes of this action, venue is proper in this District. Dell admits that Defendants are Delaware corporations. Dell denies that it has committed acts of infringement in this District or elsewhere. Dell denies the remaining allegations in paragraph 9.

## JOINDER

10. Dell admits that it stipulated to joinder of Plaintiff Nahum without waiver of any of its defenses, including standing. D.I. 119. Dell denies that it has committed any "infringing conduct" related to the Asserted Patents. To the extent paragraph 10 alleges legal conclusions, no response is required. To the extent an answer is required, Dell denies all remaining allegations in paragraph 10.

## CORRIGENT-SYSTEMS AND ITS PIONEERING TELECOMMUNICATIONS TECHNOLOGY

11. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and on that basis denies each and every allegation.

12. Dell denies that Corrigent-Systems was a pioneer in the telecommunications field. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 and on that basis denies each and every remaining allegation.

13. Dell denies each and every allegation contained in paragraph 13.

14. Dell denies that Corrigent-Systems was a pioneer in overcoming any alleged technology challenges in the telecommunications field, that Corrigent-Systems solved obstacles in the field, that Corrigent-Systems' product line revolutionized the telecommunications industry,

and that Corrigent-Systems' competitors lagged significantly behind Corrigent-Systems. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 and on that basis denies each and every remaining allegation.

15. Dell denies that the industry recognized Corrigent-Systems for any innovation. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 and on that basis denies each and every remaining allegation.

16. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and on that basis denies each and every allegation.

## THE ASSERTED PATENTS

### U.S. Patent No. 6,957,369

17. Dell admits that Exhibit 1 appears to be a copy of the '369 patent, which is titled "Hidden failure detection." Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and on that basis denies each and every allegation.

18. Dell admits the allegations in paragraph 18.

19. Dell admits that paragraph 19 appears to quote portions of the '369 patent, but Dell denies that the '369 patent presented novel and unconventional systems and methods, and otherwise denies the allegations in paragraph 19.

20. Dell admits that the reproduced claim in paragraph 20 appears to be claim 15 of the '369 patent, but denies that the claims of the '369 patent recite any inventive concept. Otherwise, Dell denies paragraph 20.

21. Dell denies each and every allegation contained in paragraph 21.

**U.S. Patent No. 7,593,400**

22. Dell admits that Exhibit 2 appears to be a copy of the '400 patent, which is titled "MAC address learning in a distributed bridge." Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and on that basis denies each and every allegation.

23. Dell admits the allegations in paragraph 23.

24. Dell admits that paragraph 24 appears to quote portions of the '400 patent, but Dell denies that the '400 patent presented novel and unconventional systems and methods, and otherwise denies the allegations in paragraph 24.

25. Dell admits that the reproduced claim in paragraph 25 appears to be claim 1 of the '400 patent, but denies that the claims of the '400 patent recite any inventive concept. Otherwise, Dell denies each and every allegation contained in paragraph 25.

26. Dell denies each and every allegation contained in paragraph 26.

**BACKGROUND OF DEFENDANTS' ALLEGEDLY INFRINGING CONDUCT**

27. Dell denies each and every allegation contained in paragraph 27.

28. Dell denies each and every allegation contained in paragraph 28.

29. Dell denies each and every allegation contained in paragraph 29.

30. Dell admits that Exhibit 3 purports to be a chart regarding claim 15 of the '369 patent and Exhibit 4 purports to be a chart regarding claim 1 of the '400 patent. Dell admits that it has marketed and sold the Dell PowerEdge MX7000. Dell also admits that it has published and distributed data sheets, manuals, and guides related to its products on its website. Dell admits that Exhibits 5 and 6 purport to be copies or excerpts of the documents available on Dell's website. Except as expressly admitted, Dell denies each and every allegation contained in paragraph 30.

**COUNT I—ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,957,369**

31. Dell repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in length herein.

32. Dell admits that Exhibit 3 purports to be a chart regarding claim 15 of the '369 patent, but denies Corrigent's allegations of infringement, and otherwise denies paragraph 32.

33. To the extent paragraph 33 alleges claims of indirect infringement occurring prior to the filing of the Complaint, the parties have entered into a stipulation withdrawing such claims and no answer is required. *See* D.I. 13.  To the extent an answer is required, Dell denies each and every allegation contained in paragraph 42.

34. To the extent paragraph 34 alleges legal conclusions, no response is required.  To the extent an answer is required, Dell denies each and every allegation contained in paragraph 34.

35. To the extent paragraph 35 alleges legal conclusions, no response is required.  To the extent an answer is required, Dell denies each and every allegation contained in paragraph 35.

36. To the extent paragraph 36 alleges legal conclusions, no response is required.  To the extent an answer is required, Dell denies each and every allegation contained in paragraph 36.

37. Dell denies each and every allegation contained in paragraph 37.

38. Dell denies each and every allegation contained in paragraph 38.

39. Dell is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 and on that basis denies each and every allegation.

**COUNT II—ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,593,400**

40. Dell repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in length herein.

41. Dell admits that Exhibit 4 purports to be a chart regarding claim 1 of the '400 patent, but denies Corrigent's allegations of infringement, and otherwise denies paragraph 41.

42. To the extent paragraph 42 alleges legal conclusions, no response is required. To the extent an answer is required, Dell denies each and every allegation contained in paragraph 42.

43. To the extent paragraph 43 alleges legal conclusions, no response is required. To the extent an answer is required, Dell denies each and every allegation contained in paragraph 43.

44. To the extent paragraph 44 alleges legal conclusions, no response is required. To the extent an answer is required, Dell denies each and every allegation contained in paragraph 44.

45. To the extent paragraph 45 alleges legal conclusions, no response is required. To the extent an answer is required, Dell denies each and every allegation contained in paragraph 45.

46. Dell denies each and every allegation contained in paragraph 46.

47. Dell denies each and every allegation contained in paragraph 47.

48. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and on that basis denies each and every allegation.

## JURY TRIAL DEMANDED

No response is required to Plaintiffs' demand for a trial by jury in this case. Defendant also demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief requested in Plaintiffs' Prayer for Relief, and to the extent that such prayer contains factual allegations relating to Dell, such allegations are denied. Plaintiffs' prayer for relief should be denied, with prejudice, in its entirety.

*\*\**

## AFFIRMATIVE AND OTHER DEFENSES

49. Further answering the Complaint and as additional defenses thereto, Dell asserts the following affirmative and other defenses. Dell does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiffs bear the burden. Dell reserves the right to add additional defenses and/or supplement its defenses, including (but not limited to) those related to the unenforceability of the Asserted Patents based on inequitable conduct, as Defendant learns additional facts.

## FIRST DEFENSE: FAILURE TO STATE A CLAIM

50. The Complaint, and one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE: NON-INFRINGEMENT

51. Dell does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '369 and '400 patents (collectively, the "Asserted Patents") under any theory, including literal infringement or infringement under the doctrine of equivalents.

## THIRD DEFENSE: INVALIDITY AND INELIGIBILITY

52. Each and every claim of the Asserted Patents is invalid and/or ineligible for failure to meet the conditions and requirements for patentability set forth, *inter alia*, in 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, including based on Defendants' invalidity contentions served on November 29, 2023, April 11, 2024, and July 2, 2024, and which Defendants incorporate herein by reference.

53. For example, claims 1, 2, 15, 18, and 21 of the '369 patent are ineligible because they are directed to the patent-ineligible abstract idea of transmitting a test communication and reporting whether the communication is received—*i.e.*, transmitting and reporting information

about a communication path.  *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014).

54. **Claim 1**: Claim 1 discloses a system that selects two idle network lines to test, and then transmits a test packet in a loop through those lines.  This idea is no different than the longstanding practice of testing whether a communication line is functioning properly by asking for a message to be repeated back—for example, when a dispatch operator or field commander sends out an instruction and asks "do you copy?" and the recipient repeats it back to acknowledge receipt.  Once the information returns, the apparatus reports the result, including if the information returned in a timely manner.  '369 patent, cl. 1.

55. Claim 1 of the '369 patent also fails to "provide a technical solution to a technical problem," *Zyrcuits IP LLC v. Acuity Brands, Inc.*, No. 20-1306-CFC, 2021 WL 3287801, at *4 (D. Del. Aug. 2, 2021), and instead focuses on "an 'abstract idea' for which computers are invoked merely as a tool," *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1286 (Fed. Cir. 2018) (internal citation omitted).

56. Claim 1 of the '369 patent confirms that the alleged invention "requires substantially no dedicated testing hardware." '369 patent at 2:29–31; *id*. cl. 1.  Instead, the claims recite performing the abstract idea using existing conventional computer components and functions.  *See id*.  For example, the switch in the '369 patent connects lines in the same way any other switch connects lines.  *See id*. at 3:14–17.

57. **Claims 15, 21**: Claims 15 and 21 of the '369 patent are directed to this same abstract idea as claim 1, as they merely recite the same subject matter of claim 1 in various permutations.  Claim 15 is the apparatus version of claim 1 and refers to traces instead of lines. *See* '369 patent, cl. 15.  Claim 21 is the same as claim 15, but substitutes determining whether a

packet returned "within a predetermined time" with determining if the test traffic returned "intact." *Compare* '369 patent, cl. 1, *with id.*, cl. 21. Therefore, claims 15 and 21 are directed to the same abstract idea as claim 1.

58. **Claims 2, 18**: Dependent claims 2 and 18 refer to performing the abstract idea on modules with different data formats also fail to add a technical solution. In fact, the '369 patent explicitly states that whether the module data formats, and communication protocols are the same "makes no difference" to the alleged invention. '369 patent at 6:5–9. The Federal Circuit has rejected the argument that "employing different formats" improves "the functioning of the computer" where (as here) claims merely use "generic computer components performing conventional . . . techniques to carry out the claimed invention." *Voit Techs., LLC v. Del-Ton, Inc.*, 757 F. App'x 1000, 1003 (Fed. Cir. 2019); *see also FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1097 (Fed. Cir. 2016) ("The mere combination of data sources, however, does not make the claims patent eligible."). Here, the '369 claims merely recite conventional components for performing the abstract idea. '369 patent at 2:29–31. Thus, the asserted claims of the '369 patent are directed to an abstract idea.

59. The asserted claims of the '369 patent also fail to recite "significantly more" than the abstract idea itself, whether the elements are considered individually or as an ordered combination. *Alice*, 573 U.S. at 217–18.

60. **Claim 1**: The language of the preamble of claim 1 merely requires conventional computer components operating with their basic functions. In fact, the '369 patent admits that the alleged invention "mak[es] use of existing components in the system and requires substantially no dedicated testing hardware." '369 patent at 2:29–31; *see also id.* at 1:25–26, 1:33–37, 1:67–2:4, 4:65–67, 5:5–12, 5:45–48, 5:50–54. For example, the claims simply recite using a switch for its

10

ordinary purpose: transmitting a message between different nodes or modules. '369 patent at 1:67–2:4 ("switch, which is typically used for linking the subsidiary modules via the connection lines to a network trunk"), 5:5–12 ("[t]his cross-connection function is commonly available in off-shelf physical layer Switches"), 5:50–54 ("The control channel linking the processors is typically an ethernet channel, over which the processors communicate using a suitable management protocol, such as the well-known Simple Network Management Protocol (SNMP)"). The claims do not require the switch to do anything other than perform its ordinary functions.

61.  The remaining limitations in claim 1 also fail to recite an inventive concept as the steps recited are all well-understood, routine, and conventional. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1370 (Fed. Cir. 2018). For example, selecting network lines, transmitting packets, monitoring the receipt of a packet, and reporting information are all well-understood, routine, and conventional steps performed on various generic computer networks. '369 patent at 6:5–9; *see also SAP Am.*, 898 F.3d at 1169–70; *Berkheimer*, 881 F.3d at 1370; *see also FairWarning IP*, 839 F.3d at 1097. Further, these steps cannot be considered the inventive concept because they do not impart any alleged invention beyond the abstract idea itself. *See Berkheimer*, 890 F.3d at 1369.

62.  Even if considered as an ordered combination, there is no inventive concept. The claimed steps outlined above involve selecting idle lines, sending a packet through a loop, and then reporting if the packet returns within a predetermined time. *See* '369 patent, cl. 1. This recites nothing more than well-known steps required to gather information about communication links, send information over the links, and report results. *See* '369 patent at 1:37–54. The combination of steps therefore recites nothing more than the abstract idea itself and "add[s] nothing that is not already present when the steps are considered separately." *Versata Dev. Grp., Inc. v. SAP Am., Inc.*, 793 F.3d at 1306, 1334 (Fed. Cir. 2015). The Court's order-of-steps construction also does

11

not render the claims eligible, as the ordering does not make the claims non-abstract nor does it impart any inventive concept.

63. **Claim 2**: Dependent claim 2 specifies that the subsidiary module loops back traffic "without processing the data." But the '369 patent acknowledges that loopback tests, which do not require processing, already existed prior to the alleged invention. '369 patent at 1:37–46. The patent also states that the processor, which instructs the subsidiary module to loopback traffic, is a generic and conventional computer component. *Id.* at 2:29–31, 5:67–6:9. Therefore, claim 2 does not supply an inventive concept. *In re Bd. of Trustees of Leland Stanford Junior Univ.*, 991 F.3d 1245, 1250 (Fed. Cir. 2021).

64. **Claim 15**: Claim 15 is similar to Claim 1 but claims traces instead of lines. *Compare* '369 patent, cl. 1, *with id.*, cl. 15. Traces, likes lines, were well-known and conventional. '369 patent at 2:29–31. The claims do not require the traces to do anything other than perform its ordinary functions. Therefore, claim 15, like claim 1, is not inventive. *See SAP Am.*, 898 F.3d at 1169–70; *Berkheimer*, 881 F.3d at 1370–71; *see also FairWarning IP*, 839 F.3d at 1097. Further, these steps cannot be considered the inventive concept because they do not impart any alleged invention beyond the abstract idea itself. *See Berkheimer*, 890 F.3d at 1369.

65. **Claim 18**: Dependent claim 18 specifies selecting an idle line to test, while the other lines are being used, and repeating the test until all idle lines have been tested. As explained above, selecting lines is a well-understood, routine, and conventional step performed by generic computer networks. '369 patent at 2:29–31; *see also SAP Am.*, 898 F.3d at 1169–70; *Berkheimer*, 881 F.3d at 1370; *see also FairWarning IP*, 839 F.3d at 1097. Additionally, repeating the test until all idle lines have been tested simply repeats these well-understood, routine, and conventional steps. *Id.*

66. **Claim 21**:  Compared to claim 15, claim 21 substitutes determining whether a packet returned "within a predetermined time" with determining if the test traffic returned "intact." *Compare* '369 patent, cl. 15, *with id.*, cl. 21.  Whether the packet is returned within a specific time or in a specific condition is simply reporting a different metric, which does not provide an inventive concept.  *See CardioNet, LLC v. InfoBionic, Inc.*, 816 F. App'x 471, 476–77 (Fed. Cir. 2020) (determining that even the use of a new metric was not an inventive concept).  Further, requiring two formats does not make the claim inventive because the patent admits that the format of the modules "makes no difference" to the alleged invention.  '369 patent, 6:2–9; *see also* 5:21–28.  As none of the asserted claims recite an inventive concept, they are all patent ineligible.

**FOURTH DEFENSE:  PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER**

67. By virtue of statements, amendments made, and/or positions taken during prosecution of the application for the Asserted Patents and/or related patents or patent applications, whether explicit or implicit, Plaintiff is barred from claiming that the Asserted Patents cover or include, either literally or by application of the doctrine of equivalents, any of Dell's methods, products, systems, services, or processes.  To the extent that Plaintiffs' alleged cause of action for infringement of any of the Asserted Patents is based on the doctrine of equivalents, Plaintiffs are barred under the doctrine of prosecution history estoppel and/or other limits to allegations of infringement.

**FIFTH DEFENSE:  FAILURE TO MARK**

68. To the extent Plaintiffs have failed to comply with the notice requirements of 35 U.S.C. § 287, Plaintiff is barred from all monetary relief for acts that occurred prior to Plaintiffs providing actual notice to Dell.

### SIXTH DEFENSE:  LIMITATION ON DAMAGES

69. Pursuant to 35 U.S.C. § 286, Plaintiffs are barred from recovering any damages for acts that occurred more than six years before it filed the Complaint in this action.

### SEVENTH DEFENSE:  NO EXCEPTIONAL CASE

70. Plaintiffs cannot prove that this is an exceptional case justifying an award of attorneys' fees against Dell under 35 U.S.C. § 285 or otherwise.

### EIGHTH DEFENSE:  NO ENTITLEMENT TO INJUNCTIVE RELIEF

71. Plaintiffs are not entitled to injunctive relief against Dell, including because any alleged injury to Plaintiffs as a result of Dell's alleged activities is not immediate or irreparable, Plaintiffs have an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

### NINTH DEFENSE:  UNCLEAN HANDS

72. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### TENTH DEFENSE:  LACK OF STANDING

73. To the extent that Plaintiffs did not, or do not, hold all substantial rights, title, and interest to any of the Asserted Patents, Plaintiffs lack standing to bring, or maintain, this lawsuit in connection with such asserted patent.

### PRAYER FOR RELIEF

Dell respectfully requests that this Court enter judgment in its favor against Plaintiffs, and grant the following relief:

A. A judgment dismissing Plaintiffs' Complaint against Dell in its entirety with prejudice;

B. An Order declaring that Plaintiffs take nothing on the claims asserted in the Complaint;

C. A Declaration that Dell has not infringed any valid claim of any of the Asserted Patents and is not liable on Counts 1 and 2;

D. All costs be taxed against Plaintiffs;

E. A finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Dell its reasonable attorneys' fees, expenses, and costs incurred in connection with this action;

F. An award to Dell of its costs, expenses, disbursements, and attorneys' fees incurred in connection with this action; and

G. Any such other relief in favor of Dell and against Plaintiffs as the Court may deem appropriate and just under the circumstances.

15

|  |  |
|---|---|
| OF COUNSEL:<br><br>Brian A. Rosenthal<br>Katherine Dominguez<br>Jaclyn Hellreich<br>Erin Kim<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY  10166-0193<br>(212) 351-4000<br><br>Stuart M. Rosenberg<br>GIBSON, DUNN & CRUTCHER LLP<br>310 University Avenue<br>Palo Alto, CA  94301-1744<br>(650) 849-5300<br><br>Ronald A. Lee<br>Emily M. Whitcher<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive, Suite 1200<br>Irvine, CA  92612-4412<br>(949) 451-3800<br><br>Audrey Yang<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX  75201-2923<br>(214) 698-3100<br><br>August 30, 2024 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jeremy A. Tigan*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com<br><br>*Attorneys for Defendants*<br>*Dell Technologies Inc. and Dell Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 30, 2024, upon the following in the manner indicated:

| | |
|---|---|
| John G. Day, Esquire<br>Andrew C. Mayo, Esquire<br>ASHBY & GEDDES, P.A.<br>500 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, DE  19899-1150<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC FILING* |
| James R. Nuttall, Esquire<br>Robert F. Kappers, Esquire<br>Daniel F. Gelwicks, Esquire<br>Candice J. Kwark, Esquire<br>STEPTOE LLP<br>227 West Monroe Street, Suite 4700<br>Chicago, IL  60606<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC FILING* |
| Christopher A. Suarez, Esquire<br>STEPTOE LLP<br>1330 Connecticut Avenue, NW<br>Washington, DC  20036<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC FILING* |
| Michael C. Miller, Esquire<br>STEPTOE LLP<br>1114 Avenue of the Americas<br>New York, NY  10036<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC FILING* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)