IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORRIGENT CORPORATION and NAHUM COMMUNICATIONS N.T.B. LTD, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 22-496 (RGA) |
| DELL TECHNOLOGIES INC. and DELL INC., | ) | **REDACTED - PUBLIC VERSION** **Original Filing Date: February 13, 2025** **Redacted Filing Date: February 20, 2025** |
| Defendants. | ) | |

**DEFENDANTS DELL TECHNOLOGIES INC. AND DELL INC.'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO STAY PENDING APPEAL OF RELATED CASE**


OF COUNSEL:

Brian A. Rosenthal
Katherine Dominguez
Jaclyn Hellreich
Erin Kim
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

Stuart M. Rosenberg
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
(650) 849-5300

Ronald A. Lee
Emily M. Whitcher
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612-4412
(949) 451-3800

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
cclark@morrisnichols.com

Audrey Yang
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2923
(214) 698-3100

*Attorneys for Defendants Dell Technologies Inc. and Dell Inc.*


February 13, 2025

# TABLE OF CONTENTS

**Page**


I. STATEMENT OF FACTS .......... 2

II. LEGAL STANDARDS .......... 3

III. ARGUMENT .......... 4

A. Factor 1: A stay while the parties await the final judgment in the *Corrigent-Cisco* case and the pending appeal, which will address case dispositive issues for this case, will greatly conserve judicial and party resources. .......... 4

1. Once final judgment is entered in the *Corrigent-Cisco* case, collateral estoppel will attach and will be dispositive of the issues in this case. .......... 5

2. The Federal Circuit's resolution on appeal will simplify ineligibility and claim construction issues that remain in this case. .......... 7

B. Factor 2: This case is still in early enough stages for a stay to be appropriate. .......... 8

C. Factor 3: Corrigent will suffer no undue prejudice or tactical disadvantage. .......... 8

IV. CONCLUSION .......... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brit. Telecomms. PLC v. IAC/InterActiveCorp*,
C.A. No. 18-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27, 2019)........................................8

*CallWave Commc'ns, LLC v. AT&T Mobility, LLC*,
C.A. No. 12-1701-RGA, 2015 WL 1284203 (D. Del. Mar. 18, 2015)......................................9

*CardioNet, LLC v. ScottCare Corp.*,
325 F. Supp. 3d 607 (E.D. Pa. 2018), *aff'd sub nom. Braemar Mfg., LLC v. ScottCare Corp.*, 816 F. App'x 465 (Fed. Cir. 2020) ..............................................................5

*Corrigent Corporation v. Cisco Systems, Inc.*,
No. 6:22-cv-396-ADA (W.D. Tex.)..................................................................... *passim*

*Cost Bros., Inc. v. Travelers Indem. Co.*,
760 F.2d 58 (3d Cir. 1985)..........................................................................................3

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1998)....................................................................................3

*Ever Win Int'l Corp. v. Radioshack Corp.*,
902 F. Supp. 2d 503 (D. Del. 2012)................................................................................8

*First Am. Title Ins. Co. v. MacLaren LLC*,
C.A. No. 10-0363-GMS, 2012 WL 769601 (D. Del. Mar. 9, 2012) ........................................8

*f'real Foods, LLC v. Welbilt, Inc.*,
C.A. No. 19-1028-CFC, 2019 WL 5626857 (D. Del. Oct. 31, 2019).......................................3

*Horizon Meds. LLC v. Teva Pharms. USA, Inc.*,
C.A. No. 20-8188-SRC, 2021 WL 1783287 (D.N.J. May 5, 2021) .........................................9

*Intell. Ventures I LLC v. Cap. One Fin. Corp.*,
850 F.3d 1332 (Fed. Cir. 2017)....................................................................................5

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
C.A. No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019).......................................8

*Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*,
458 F.3d 244 (3d Cir. 2006)....................................................................................4, 7

*Kaavo Inc. v. Cognizant Tech. Sols. Corp.*,
C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015).................................3

*PACT XPP Schweiz AG v. Intel Corp.*,
C.A. No. 19-1006-JDW, 2020 WL 13119705 (D. Del. Nov. 5, 2020)......................................9

*Panduit Corp. v. All States Plastic Mfg. Co., Inc.*,
744 F.2d 1564 (Fed. Cir. 1984)..........................................................................................4, 7

*Sprint Commc'ns Co. L.P. v. Cequel Commc'ns, LLC*,
C.A. No. 18-1919-RGA, 2020 WL 3048175 (D. Del. June 8, 2020) ............................3, 4, 5, 6

*SunPower Corp. v. PanelClaw, Inc.*,
C.A. No. 12-1633-GMS, 2014 WL 12774919 (D. Del. May 16, 2014)....................................8

# TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | *Corrigent Corp. v. Cisco Sys., Inc.*, No. 6:22-cv-396-ADA, D.I. 299 (W.D. Tex. July 16, 2024) |
| B | *Corrigent Corp. v. Cisco Sys., Inc.*, No. 6:22-cv-396-ADA, D.I. 333 (W.D. Tex. Nov. 25, 2024) |
| C | Excerpts from *Corrigent Corp. v. Cisco Sys., Inc.*, No. 6:22-cv-396-ADA, July 3, 2024 Hearing Tr. |
| D | Excerpts from Corrigent's Objections and Responses to Defendants' First Set of Requests for Admission |
| E | Excerpts from Nahum's Objections and Responses to Defendants' First Set of Requests for Admission |

Corrigent's[1] claims in this case will soon be barred by collateral estoppel arising out of a co-pending litigation. Its claims will also fail as a matter of *stare decisis*, if Corrigent litigates the matter through appeal. To continue proceedings here will waste the Court's and the parties' resources. Therefore, Dell respectfully moves to stay this case pending entry of judgment and resolution of any appeal in *Corrigent Corporation v. Cisco Systems, Inc.*, No. 6:22-cv-396-ADA (W.D. Tex.) ("*Corrigent-Cisco*").

In this litigation, Corrigent asserts U.S. Patent Nos. 6,957,369 ("the '369 patent") and 7,593,400 ("the '400 patent") (collectively, the "Asserted Patents"). These patents were also at issue in *Corrigent-Cisco.* There, the '369 patent was determined to be ineligible under 35 U.S.C. § 101, and the '400 patent was determined, as a matter of law, to be not infringed based on a claim construction requiring an order of steps and the "first line card" being limited to the egress line card—a construction that would bar Corrigent's '400 patent infringement claim against Dell in this case. The *Corrigent-Cisco* case went to trial on a third patent not at issue here, which concluded on January 16, 2025, and final judgment is expected soon.

Once final judgment is entered, collateral estoppel will attach with respect to the invalidity of the '369 patent and the dispositive claim construction of the '400 patent. Moreover, Corrigent has indicated that it intends to appeal those issues related to the '369 and '400 patents. Thus, the Federal Circuit will be asked to decide the ineligibility and claim construction questions that are identical to issues raised in this case that will be case dispositive in Dell's favor if affirmed. As a result, staying this case, including staying expert discovery on patent claims that may be precluded by the judgment in the *Corrigent-Cisco* case, will conserve party and judicial resources and will

[1] This brief will refer to plaintiffs Corrigent Corporation and Nahum Communication N.T.B. Ltd. collectively as "Corrigent" or "Plaintiffs." Defendants Dell Technologies Inc. and Dell Inc. will be collectively referred to as "Dell."

not prejudice Plaintiffs. For at least these reasons, Dell respectfully requests that the Court grant its motion.

## I. STATEMENT OF FACTS

Corrigent filed this suit against Dell on April 19, 2022, alleging that Dell infringed four patents, including the ’369 and the ’400 patents. D.I. 1. Nahum was later added as a co-plaintiff to the case. D.I. 126. Dell moved to dismiss the claim against the ’369 patent (and a second patent which has since been dropped) under Section 101. D.I. 11. This Court determined that at the motion to dismiss stage, the claims appeared “sufficiently specific” so that they were not directed to an abstract idea. D.I. 21 at 1. During the claim construction phase of the case, Dell raised an order of steps construction for the ’400 patent. D.I. 79 at 52–63. This Court construed the claims to not require an order of steps. D.I. 107 at 2.

However, another United States District Court considering the same issues reached the opposite conclusions, and final judgment in that case is expected soon. Specifically, Corrigent filed a parallel suit in the Western District of Texas (“W.D. Tex.”) against Cisco Systems, Inc. alleging infringement of five patents, also including the ’369 and ’400 patents. *Corrigent Corp. v. Cisco Sys., Inc.*, No. 6:22-cv-396-ADA, D.I. 1 (W.D. Tex. Apr. 19, 2022). During the *Corrigent-Cisco* litigation, the W.D. Tex. court decided two issues that were dispositive of the ’369 and ’400 patents. With respect to the ’369 patent, the W.D. Tex. court granted Cisco’s Rule 12(c) motion, holding that the ’369 patent was directed to patent-ineligible subject matter. *Id.*, D.I. 299 (W.D. Tex. July 16, 2024) (Ex. A); *id.*, D.I. 333 (W.D. Tex. Nov. 25, 2024) (Ex. B). With respect to the ’400 patent, the W.D. Tex. court construed claims 1 and 11 as requiring an order of steps and that the “first line card” was limited to the egress line card only. *See id.*, July 3, 2024 Hearing Tr. at 14:5–9, 15:10–11 (Ex. C). Corrigent admitted that it could not prove infringement under these constructions, and the court granted summary judgment of no infringement. *See id.* at

19:11–15; No. 6:22-cv-396-ADA, D.I. 299 (W.D. Tex. July 16, 2024) (Ex. A). The *Corrigent-Cisco* case then proceeded to trial on one patent, which is not at issue in the present case, which concluded on January 16, 2025. Final judgment is therefore expected shortly in the *Corrigent-Cisco* case, and Corrigent has indicated its intent to appeal.

The ineligibility and claim construction issues for the '369 and '400 patents in this case are identical to the issues that were decided in *Corrigent-Cisco*, and under the ruling of that Court—which will become preclusive once final judgment is entered—Corrigent will have no ability to proceed on its claims against Dell for the same reasons as judgment is being entered for Cisco. Further, when *Corrigent-Cisco* is appealed, the Federal Circuit will weigh in on these very same issues.

## II. LEGAL STANDARDS

The Court has discretionary authority to grant a motion to stay. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1998). This Court has typically considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g., Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015); *f'real Foods, LLC v. Welbilt, Inc.*, C.A. No. 19-1028-CFC, 2019 WL 5626857, at *2 (D. Del. Oct. 31, 2019).

This Court held in *Sprint* that, in order for collateral estoppel to apply, a party must show that "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Sprint Commc'ns Co. L.P. v.*

*Cequel Commc'ns, LLC*, C.A. No. 18-1919-RGA, 2020 WL 3048175, at *2 (D. Del. June 8, 2020). The Court also considers whether the party facing preclusion "had a full and fair opportunity to litigate the issue in question in the prior action" and "whether the issue was determined by a final and valid judgment." *Id.* Importantly, once final judgment is entered, collateral estoppel attaches, and Corrigent will be precluded from proceeding to litigate the Section 101 and claim construction issues under the rulings of this Court. *Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006). Moreover, once the decisions are appealed to the Federal Circuit, opinions from the Federal Circuit on these issues of patent law will become binding on this Court. *See Panduit Corp. v. All States Plastic Mfg. Co., Inc.*, 744 F.2d 1564, 1573 (Fed. Cir. 1984).

## III. ARGUMENT

Dell moves to stay any and all deadlines in this action until resolution of any appeal in *Corrigent-Cisco*. Here, all three factors typically considered by this Court favor a stay.

### A. Factor 1: A stay while the parties await the final judgment in the *Corrigent-Cisco* case and the pending appeal, which will address case dispositive issues for this case, will greatly conserve judicial and party resources.

The first factor, whether granting the stay will simplify the issues for trial, strongly weighs in favor of a stay. The issues with respect to the two remaining patents in this case are identical to the issues that have already been litigated in another forum and once final judgment is entered, collateral estoppel will attach, greatly simplifying the issues in this case. Additionally, given Corrigent's intent to appeal, a stay is appropriate to allow the Federal Circuit to decide these issues. An affirmance by the Federal Circuit with respect to the ineligibility of the '369 patent and the claim constructions for the '400 patent will dispose of this case entirely. But even if the Federal Circuit reverses the Section 101 decision or the claim construction issues, those decisions will still inform the scope of the litigation here. Therefore, litigating these same issues in parallel, when

the Federal Circuit is already set to weigh in on the same exact issues, would be a significant waste of judicial and party resources.

### 1. Once final judgment is entered in the *Corrigent-Cisco* case, collateral estoppel will attach and will be dispositive of the issues in this case.

Once final judgment is entered in *Corrigent-Cisco*, collateral estoppel will attach with respect to the ’369 and ’400 patents in this action, which will greatly simplify the issues in this case, making a stay appropriate. With respect to the ’369 patent, the W.D. Tex. court’s Rule 12(c) determination of patent ineligibility is preclusive. *See Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 850 F.3d 1332, 1337 (Fed. Cir. 2017); *CardioNet, LLC v. ScottCare Corp.*, 325 F. Supp. 3d 607, 610–11 (E.D. Pa. 2018), *aff’d sub nom. Braemar Mfg., LLC v. ScottCare Corp.*, 816 F. App’x 465 (Fed. Cir. 2020). The ineligibility determination with respect to the ’369 patent will soon be final, and it makes no sense to continue litigating a patent that has already been determined to be ineligible. Dell understands that the W.D. Tex. court will issue a written opinion on the Section 101 issues before entering final judgment. However, this does not change the fact that the issues identified in this motion have already been fully adjudicated in another forum. Thus, a stay now will conserve judicial resources and avoid the need for the parties to re-litigate issues Corrigent has already lost.

With respect to the ’400 patent, Corrigent is also precluded from pursuing its claims of infringement against Dell. Where a claim construction is necessary to a summary judgment of non-infringement, collateral estoppel precludes the non-prevailing party from challenging that construction in other proceedings. *Sprint*, 2020 WL 3048175, at *2. This Court held in *Sprint* that, in order for collateral estoppel to apply, a party must show that “(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully

represented in the prior action." *Id.* The Court also considers whether the party facing preclusion "had a full and fair opportunity to litigate the issue in question in the prior action" and "whether the issue was determined by a final and valid judgment." *Id.*

Here, all the factors for collateral estoppel are met. The claim construction issue presented is identical to that decided in *Corrigent-Cisco* (*i.e.*, whether claims 1 and 11 of the '400 patent require an order of steps). This issue was actually litigated through supplemental claim construction briefing and argument before the W.D. Tex. court, and this claim construction was critical to the W.D. Tex. court's ruling of non-infringement. *See Corrigent Corp. v. Cisco Sys., Inc.*, No. 6:22-cv-396-ADA, July 3, 2024 Hearing Tr. at 14:5–9, 19:11–15 (Ex. C); *id.*, D.I. 299 (W.D. Tex. July 16, 2024) (Ex. A). As Corrigent conceded in the *Corrigent-Cisco* case, it could not prove infringement in part based on the order-of-steps construction as construed in *Corrigent-Cisco*, making the claim construction necessary to the summary judgment of non-infringement. *See id.*, July 3, 2024 Hearing Tr. at 19:11–15; No. 6:22-cv-396-ADA, D.I. 299 (W.D. Tex. July 16, 2024) (Ex. A). Corrigent was fully heard in *Corrigent-Cisco* and had a full and fair opportunity to litigate this issue, including supplemental briefing and a supplemental hearing. Now that the *Corrigent-Cisco* trial has concluded, final judgment will soon enter. Therefore, Corrigent will be collaterally estopped from pursuing a contrary ruling in this Court.

Additionally, Plaintiffs have put forth an identical infringement theory in this case, and thus, the preclusive effect of the claim constructions would also prevent Plaintiffs from being able to prove their infringement case here. This further demonstrates the futility of continuing to litigate the case with an impending final judgment, and a stay is appropriate to avoid wasting the parties' and the Court's resources.

Although this Court reached a different conclusion on the Section 101 and claim construction issues, this does not change the fact that once final judgment is entered in the *Corrigent-Cisco* case, collateral estoppel will attach. Those determinations have preclusive effect and will therefore override the decisions reached by this Court. *Jean Alexander Cosms.*, 458 F.3d at 249–50.

**2. The Federal Circuit's resolution on appeal will simplify ineligibility and claim construction issues that remain in this case.**

Corrigent has indicated it intends to appeal the case to the Federal Circuit following entry of final judgment. Thus, the Federal Circuit will review and decide the ineligibility and claim construction issues that will directly impact the two patents left in this case. Even if collateral estoppel did not apply, therefore, the Federal Circuit's resolution of the *Corrigent-Cisco* case will dictate the outcome of this one. Specifically, the Federal Circuit will resolve the parties' dispute over the patent ineligibility of the '369 patent, and the Federal Circuit will determine the case-dispositive claim construction issue for the '400 patent. Continued litigation of this case will be a poor use of resources. For example, if the Federal Circuit were to affirm the construction requiring an order of steps, then the parties would have to redo expert reports under this new construction in this case.[2] If the Federal Circuit were to affirm the ineligibility of the '369 patent, the parties' and the Court's efforts regarding that patent would be wasted. It would be a waste of judicial and party resources to continue litigating this case, including going through the rest of expert discovery, when the claim construction is unsettled.

[2] The Federal Circuit would also decide the "first line card" construction that was not raised in this case; however, once the Federal Circuit determines how the "first line card" should be construed, that construction will be binding on this case and would provide clarity to the claim scope. *Panduit Corp.*, 744 F.2d at 1573.

**B. Factor 2: This case is still in early enough stages for a stay to be appropriate.**

The second factor, the status of the litigation, also weighs in favor of a stay. Courts in this District have found that this factor can still weigh in favor of a stay when "it appears likely that the bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future." *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019); *see also SunPower Corp. v. PanelClaw, Inc.*, C.A. No. 12-1633-GMS, 2014 WL 12774919, at *3 (D. Del. May 16, 2014) (quoting *First Am. Title Ins. Co. v. MacLaren LLC*, C.A. No. 10-0363-GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012) ("In considering the stage of litigation, the court asks, among other things, 'whether discovery is complete and whether a trial date has been set.'")). Such is the case here. *See* D.I. 152. Although this case is not in its nascent stages, the Court has not set a trial date, the parties have not yet completed expert discovery, nor have summary judgment motions been filed. *See* D.I. 120. Thus, the bulk of the time and costs the parties and the Court would need to expend gearing up for trial are still in the future, and implementing a stay now will save a considerable amount of time and resources.

**C. Factor 3: Corrigent will suffer no undue prejudice or tactical disadvantage.**

Finally, the third factor—undue prejudice—weighs strongly in favor of a stay. The parties are not competitors and thus Plaintiffs would not be prejudiced by a stay. *See Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 510 (D. Del. 2012). Corrigent has no product in the marketplace and is not a competitor with Dell. *See* Corrigent's Objections and Responses to Defendants' First Set of Requests for Admission at 5 (Ex. D). Nahum is also a non-practicing entity and is not a competitor of Dell. *See* Nahum's Objections and Responses to Defendants' First Set of Requests for Admission at 3–4 (Ex. E). Neither Corrigent nor Nahum will "suffer any loss of market share or erosion of goodwill due to a stay." *Brit. Telecomms. PLC v.*

*IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *6 (D. Del. Sept. 27, 2019). And any potential harm caused by a stay may be remedied by monetary damages. *See CallWave Commc'ns, LLC v. AT&T Mobility, LLC*, C.A. No. 12-1701-RGA, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015); *see also PACT XPP Schweiz AG v. Intel Corp.*, C.A. No. 19-1006-JDW, 2020 WL 13119705, at *2 (D. Del. Nov. 5, 2020) ("PACT does not compete with Intel, so any harm that it might suffer from a delay is monetary and insufficient to defeat a motion to stay.").

In fact, rather than face any prejudice, all parties would benefit from a stay of this case. If the Federal Circuit affirms the decision on the '369 patent's ineligibility and the '400 patent's claim constructions, then that ruling will be case-dispositive in this action, and all the parties and the Court will have saved significant resources for not having continued the litigation. Any reversal, on the other hand, would "simplify this Court's eventual consideration of those issues," and streamline issues for the parties, reducing unnecessary litigation costs. *Horizon Meds. LLC v. Teva Pharms. USA, Inc.*, C.A. No. 20-8188-SRC, 2021 WL 1783287, at *1 (D.N.J. May 5, 2021). Plaintiffs would therefore not suffer any prejudice or tactical disadvantage from a stay, and instead, a stay would benefit all parties by saving resources and providing further clarity about what issues may need to be tried to a jury, if any.

## IV. CONCLUSION

All three stay factors strongly favor staying the present action. The outcome of any appeal in *Corrigent-Cisco* will resolve many, if not all, claims and defenses in this case. Accordingly, Dell respectfully requests that the Court stay this case until final resolution of the *Corrigent-Cisco* appeal.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants*
*Dell Technologies Inc. and Dell Inc.*

OF COUNSEL:

Brian A. Rosenthal
Katherine Dominguez
Jaclyn Hellreich
Erin Kim
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

Stuart M. Rosenberg
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
(650) 849-5300

Ronald A. Lee
Emily M. Whitcher
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612-4412
(949) 451-3800

Audrey Yang
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2923
(214) 698-3100

February 13, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 13, 2025, upon the following in the manner indicated:

John G. Day, Esquire *VIA ELECTRONIC FILING*
Andrew C. Mayo, Esquire
ASHBY & GEDDES, P.A.
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899-1150
*Attorneys for Plaintiffs*

James R. Nuttall, Esquire *VIA ELECTRONIC FILING*
Robert F. Kappers, Esquire
Daniel F. Gelwicks, Esquire
Candice J. Kwark, Esquire
STEPTOE LLP
227 West Monroe Street, Suite 4700
Chicago, IL 60606
*Attorneys for Plaintiffs*

Christopher A. Suarez, Esquire *VIA ELECTRONIC FILING*
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
*Attorneys for Plaintiffs*

Michael C. Miller, Esquire *VIA ELECTRONIC FILING*
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
*Attorneys for Plaintiffs*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)