IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORRIGENT CORPORATION and NAHUM COMMUNICATIONS N.T.B. LTD, ) ) ) Plaintiff, ) ) v. ) ) DELL TECHNOLOGIES INC. and DELL INC., ) ) Defendants. ) | C.A. No. 22-496-RGA |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE <u>PENDING APPEAL OF RELATED CASE</u>**

*Of Counsel:*

James R. Nuttall
Robert F. Kappers
Daniel F. Gelwicks
STEPTOE LLP
227 West Monroe Street, Suite 4700
Chicago, IL 60606
(312) 577-1300
jnuttall@steptoe.com
rkappers@steptoe.com
dgelwicks@steptoe.com

Michael C. Miller
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3955
mmiller@steptoe.com

Christopher A. Suarez
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8003
csuarez@steptoe.com

Dated: March 6, 2025

John G. Day (#2403)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiffs*

{02098055;v1 }

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | LEGAL STANDARD | 4 |
| IV. | ARGUMENT | 5 |
| | A. Collateral Estoppel Is Inapplicable Here Because There Is No Final Judgment in the *Cisco* Case, And Judgment Is Likely Months, If Not Years, Away | 6 |
| | B. The Factors This Court Considers For Evaluating A Stay Reinforce That Dell's Motion To Stay Should Be Denied | 7 |
| |    1. A Stay Will Not Simplify The Issues and Trial of This Case | 7 |
| |    2. The Stage of the Case Counsels Against A Stay | 9 |
| |    3. A Stay Would Unduly Prejudice Corrigent and Provide Dell With an Unfair Tactical Advantage At This Stage of the Case | 10 |
| V. | CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
   637 F. Supp. 3d 141 (D. Del. Oct. 25. 2022) ............................................................................9

*ArcelorMittal Atlantique et Lorraine v. AK Steel Corp.*,
   908 F.3d 1267 (Fed. Cir. 2018) ................................................................................................7

*Cooper Notification, Inc. v. Twitter, Inc.*,
   2010 WL 5149351 (D. Del. Dec. 13, 2010) ..............................................................5, 9, 10, 11

*Enfish, LLC v. Microsoft Corp.*,
   822 F.3d 1327 (Fed. Cir. 2016) ................................................................................................2

*Free Speech Coalition, Inc. v. Att'y Gen. of the United States*,
   677 F.3d 519 (3d Cir. 2012) ..................................................................................................5, 8

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   2019 WL 3943058 (D. Del. Aug. 21, 2019) ...........................................................................10

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*,
   458 F.3d 244 (3d Cir. 2006) ..................................................................................................5, 8

*Landis v. North American Co.*,
   299 U.S. 248 (1936) ..................................................................................................................7

*Realtime Data LLC v. Reduxio Sys., Inc.*,
   831 F. App'x 492 (Fed. Cir. 2020) .......................................................................................4, 8

*Spring Commc'ns Co. v. Cequel Commc'ns*,
   2020 WL 3048175 (D. Del. June 8, 2020) ...............................................................................4

*Sprint Commc'ns Co. v. Cequel Commc'ns*,
   2014 WL 12774919 (D. Del. May 16, 2014) ...........................................................................9

*St. Clair Intellectual Property Consultants, Inc. v. Fujifilm Holding Corp.*,
   2009 WL 192457(D. Del. Jan. 27, 2009) ...................................................................5, 7, 8, 10

*SunPower Corp. v. PanelClaw, Inc.*,
   2014 WL 127749149 (D. Del. May 16, 2014) .......................................................................10

**Statutes**

35 U.S.C. § 101 ............................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12 ................................................................................................................1, 2, 3, 6

I.  **INTRODUCTION**

Dell's motion to stay rests on two fatal flaws stemming from flawed premises. *First*, Dell assumes a final judgment in *Cisco* will occur "soon." However, Dell omitted in its motion that Cisco requested that the judgment in that case be delayed.[1] The reason for that delay is that Judge Albright never explained the basis for his Section 101 ruling on a Rule 12(c) motion pertaining to the '369 patent. Cisco therefore requested just a few weeks ago that the Court issue a written opinion, expecting that the Section 101 decision would be remanded by the Federal Circuit. Ex. 1[2], Email from L. Moulton dated February 3, 2025; Ex. 2, Email from S. Hassett dated February 10, 2025. Given the Court's extensive caseload and past timing to issue opinions, the Court might take months, if not years, to issue an opinion and judgment in the *Cisco* case. Therefore, final judgment is not imminent and any argument regarding collateral estoppel is at best premature.

*Second*, even if a judgment were issued "soon," Dell's premise that collateral estoppel would apply here is incorrect. The purpose of collateral estoppel is to avoid the **relitigation** of issues. But the two issues that Dell raised from the *Cisco* case were previously decided by this Court in Corrigent's favor—in particular, this Court already denied Dell's Rule 12(b) motion on Section 101 for the '369 patent and issued its own claim construction on the '400 patent that runs counter to the construction issued in the *Cisco* case (and that were proposed and rejected already in this case). Both opinions of this Court provide more clarity on the Court's rulings on either patent in the *Cisco* case. Moreover, Dell has made no showing that the summary judgment ruling on the '400 patent in the *Cisco* case would apply here in the *Dell* case, which involves different

---

[1] Dell is represented by the same counsel here that represents Cisco in the *Cisco* case that Dell relies on as the basis for its motion to stay.
[2] Unless otherwise noted, "Ex.__" refers to the corresponding exhibit in the Declaration of Andrew C. Mayo, filed concurrently herewith.

products. Dell's motion to stay is really an attempt to avoid **this Court's** decisions that rejected Dell's arguments so it can delay judgment for its infringement.

In light of Dell's flawed premises, a stay should be denied, as none of the factors this Court considers for a stay apply here. A stay would not simplify the issues in this case because uncertainty persists regarding the timing and exact nature of the *Cisco* court's rulings and judgments, especially as this case quickly approaches summary judgment and trial. Granting a stay here would also provide Dell with an unfair tactical advantage and cause delay, particularly when even Cisco acknowledges that the current basis for the *Cisco* Court's rulings is insufficient to support a judgment. A final judgment could take years, followed by additional years for an appeal. Dell's motion is, at best, premature and should be denied. Corrigent should be given a full and fair opportunity to litigate this case, and should not be subjected to a years-long delay based on issues on which this Court has already ruled, and on which the Western District of Texas has not reached final judgment.

## II. STATEMENT OF FACTS

This case has been pending since April 19, 2022—almost three years. This case currently involves two patents—the '369 patent and the '400 patent. Early in the case, Dell filed a motion to dismiss the '369 patent under Rule 12(b) based on 35 U.S.C. § 101. D.I. 21. On March 3, 2023—two years ago—this Court rejected the Section 101 challenge to the '369 patent at Step One of *Alice*, noting in its opinion that the patent "sufficiently claim[] an apparatus that performs diagnostic testing on idle traces," and that the claims "seem[] sufficiently specific that I do not think I can say it is claiming an abstract idea." D.I. 21 at 1. This Court's decision was consistent with the Federal Circuit's case law that deems inventions patent-eligible at Step One when the claims are directed to a "specific improvement" in computer technology. *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016) (holding that claims directed to a self-referential database

structure constituted a "specific improvement" to computer functionality, rendering them patent-eligible under Step One of *Alice*). With respect to the '400 patent, the parties briefed and argued claim construction. Dell argued, as Cisco later did, that the claims of the '400 patent require an order of steps. This Court considered Dell's argument, rejected it, and held on May 29, 2024, that the claims of the '400 patent do not require a particular order of steps. D.I. 103 at 22-23.

On the same day Corrigent filed its litigation against Dell, Corrigent filed a case against Cisco in the Western District of Texas (No. 22-cv-396-ADA) (W.D. Tex.) ("*Cisco*"). With regard to the '369 patent, Cisco filed a motion seeking judgment on the pleadings under Rule 12(c) declaring the '369 patent ineligible. After briefing and argument, the Court said during a pretrial conference on June 24, 2024, that "[t]he Court is going to grant" the 12(c) motion with no analysis or explanation of the ruling. Ex. 3, Pretrial Hearing Tr. in *Cisco* dated June 24, 2024 at 27. Corrigent sought leave to amend the pleadings, and the Court granted leave during the same hearing. *Id.* at 128. Corrigent then amended its complaint to include extensive detail showing both that the claims were not abstract and that they contained inventive concepts over the prior art, including both extensive detailed factual allegations and an attached supplemental expert report and declaration in support. Ex. 4, First Amended Complaint in *Cisco*, D.I. 297, at ¶¶ 14-36, 62-72, 73-82; Ex. 5, Exhibit 9 (Supplemental Expert Report and Decl. of Dr. Robert Akl, D.Sc) to First Amended Complaint in *Cisco*, D.I. 297-6. Nonetheless, after Cisco renewed its motion and the parties presented the argument again, the Court again granted Cisco's Rule 12(c) motion on November 15, 2024, and the Court simply said "I'm going to grant the motion." Ex. 6, Pretrial Hearing Tr. in *Cisco* dated November 15, 2024 at 41. The Court did not provide any reasons for the Section 101 decision relating to the '369 patent, or issue an opinion explaining its reasoning. For the '400 patent, the Court similarly heard the argument and stated it was going to construe the

claims of the '400 patent to require an order of steps during a separate pretrial conference held on July 3, 2024, and granted summary judgment of no infringement based on that claim construction. Ex. 7 Pretrial and *Markman* Hearing Tr. in *Cisco* dated July 3, 2024 at 14:5-9, 19:11-16.  The Court did not provide any reasons for the claim construction or issue any opinion explaining its reasoning.

The *Cisco* case went to trial in January 2025 on a separate patent from the '369 and '400 patents.  After trial, Cisco conferred with Corrigent regarding entry of judgment.  Regarding Section 101, Cisco admitted that "[t]he Court did not provide an explanation of his rulings, and we're concerned this will lead to a remand from the Federal Circuit." Ex. 1.  In support, Cisco cited *Realtime Data LLC v. Reduxio Sys., Inc.*, 831 F. App'x 492 (Fed. Cir. 2020) (remanding 101 decision for further explanation from the district court).  After Cisco raised this issue with the Court and filed its motion to enter judgment on February 10, 2025, the Court confirmed the next day that "[t]he Court does intend to provide additional analysis of its § 101 rulings before entering Final Judgment." Ex. 2.  The Court has not issued a Section 101 opinion, no Final Judgment has been entered, and the Court has given no indication of when either event will occur.

In parallel to the *Cisco* action, this case has proceeded through fact and expert discovery. Fact discovery is now complete, expert reports have been submitted as of February 28, 2025, and expert discovery closes on March 21, 2025.  Therefore, this case is rapidly approaching summary judgment and trial.

### III.    LEGAL STANDARD

For collateral estoppel to apply in the Third Circuit, "a party must demonstrate that '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action.'" *Spring Commc'ns Co. v. Cequel Commc'ns*,

2020 WL 3048175, at *2 (D. Del. June 8, 2020) (quoting *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006)). The Third Circuit also considers whether the party being precluded "had a full and fair opportunity to litigate the issue in question in the prior action" and "whether the issue was determined by a final and valid judgment." *Jean Alexander*, 458 F.3d at 249. Regarding finality, a prior adjudication of an issue must be "sufficiently firm" to be accorded preclusive effect. *Free Speech Coalition, Inc. v. Att'y Gen. of the United States*, 677 F.3d 519, 541 (3d Cir. 2012). Factors that courts consider when determining whether the prior determination was "sufficiently firm" include: "whether the parties were fully heard, whether a reasoned opinion was filed, and whether that decision could have been, or actually was, appealed." *Id*.

In determining whether to stay an action in this District, Courts may consider factors such as "(1) the length of the requested stay; (2) the "hardship or inequity" that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay will simplify issues and promote judicial economy. *St. Clair Intellectual Property Consultants, Inc. v. Fujifilm Holding Corp.*, 2009 WL 192457, at (D. Del. Jan.27, 2009) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936)); *accord Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351 (D. Del. Dec. 13, 2010). Those factors are typically recited in this District as: "(1) whether a stay will simplify the issues and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Cooper Notification*, 2010 WL 5149351, at *2.

## IV.   ARGUMENT

The foregoing standards confirm that Dell is not entitled to a stay. *First*, Dell cannot establish collateral estoppel as a matter of law because there is no valid and final judgment.

Therefore, the entire factual premise for Dell's motion, which is based on Dell's vague suggestion that collateral estoppel might apply at some distant point in the future, is flawed. *Second*, under the governing standards for a stay motion, the Court's judgment in the *Cisco* case is delayed indefinitely, and none of the factors this Court considers favor granting a stay. Therefore, the motion to stay should be denied without prejudice pending the issuance of the judgment in the *Cisco* case, at which point the applicability of collateral estoppel can be properly explored should Dell choose to renew its motion.

      **A.**    **Collateral Estoppel Is Inapplicable Here Because There Is No Final Judgment in the *Cisco* Case, And Judgment Is Likely Months, If Not Years, Away**

Dell's motion to stay invokes collateral estoppel a dozen times. But collateral estoppel requires a ***final judgment***, and there is no dispute that the *Cisco* case has not reached a final judgment. Indeed, it will likely take months, if not years, for a Final Judgment to be issued in *Cisco*. For example, in *VideoShare, LLC v. Google LLC*, 19-cv-00663-ADA (W.D. Tex.), post-trial motions were fully briefed as of December 5, 2022—as of today, more than two years later, Judge Albright has still not ruled on the pending post-trial motions motion. Ex. 8, *VideoShare*, D.I. 279. Even after the parties filed a notice on April 16, 2024, reminding the Court that the post-trial briefing was ready for decision (D.I. 279), the Court has since appointed a technical advisor (D.I. 284), but has not yet issued a ruling post-trial. *Id.*; Ex. 9, *VideoShare*, D.I. 284. The Court may have a similar delay here, and there has been no indication that Judge Albright will rule on any particular date certain in the *Cisco* matters. Foisting a stay on Corrigent in these circumstances would be prejudicial and inappropriate.

Even if a final judgment had been entered in the *Cisco* case, Dell has not made any showing that collateral estoppel should necessarily apply here. Collateral estoppel is intended to preclude the ***re-litigation*** of issues. Here, the Rule 12 motion for Section 101 pertaining to the '369 patent

was already litigated and decided by this Court, as was the claim construction issue pertaining to the '400 patent. Therefore, no judicial efficiency is being preserved by granting a stay here. Additionally, the *Cisco* case involved different products from the Dell products at issue here, and Dell has made no showing that the claim construction issue from the *Cisco* case would necessarily be dispositive of the infringement issues pertaining to the '400 patent in this case. For purposes of assessing whether the "identical issue" relating to patent infringer was adjudicated by the *Cisco* court, the alleged infringer (here, Dell) "bears the burden of showing that the accused devices are essentially the same as those in the prior litigation." *ArcelorMittal Atlantique et Lorraine v. AK Steel Corp.*, 908 F.3d 1267, 1274 (Fed. Cir. 2018). Dell makes no such showing in its motion. Dell's motion rests on flawed assertions and should be denied.

### B. The Factors This Court Considers For Evaluating A Stay Reinforce That Dell's Motion To Stay Should Be Denied

Each of the three factors recited above that this Court considers counsels against a stay. At the threshold, however, Corrigent notes that "the length of the requested stay" and its indefinite and uncertain nature is cause alone to deny the stay. *St. Clair Intellectual Property*, 2009 WL 192457, at *2. The Supreme Court counsels against "a stay of indefinite duration in the absence of a pressing need." *Landis*, 299 U.S. at 255. Here, there is no pressing need for a stay, other than Dell's desire to stay the litigation and sidestep this Court's prior rulings that are adverse to Dell. Meanwhile, a stay will not simplify the issues or trial of this case, discovery in this case is all but over, and awarding Dell a stay would unduly prejudice Corrigent and unfairly provide Dell with a tactical advantage.

#### 1. A Stay Will Not Simplify The Issues and Trial of This Case

Dell argues that a stay will simplify the issues for trial, and urges this Court to wait for the Federal Circuit to decide the Section 101 and claim construction issues in this case. But as stated

above, a stay does nothing to simplify the issues here because this Court has already held the *opposite* of Judge Albright's rulings, and those rulings might be appealed as well. Indeed, there is a distinct possibility that this case reaches final judgment before the *Cisco* case. Even if the *Cisco* case is appealed first, "[t]he outcome of any appeal . . . in the Federal Circuit is speculative and the time frame for adjudication of any such appeal is also uncertain." *St. Clair*, 2009 WL 192457, at *2. Moreover, as noted above, Dell has made no showing regarding alleged similarities of products between the Dell and the Cisco cases, and therefore infringement might be a "significant and disputed issue[] between the parties regardless of the disposition of any . . . appeal. *Id.* Finally, uncertainty remains regarding the legal basis of Judge Albright's Section 101 ruling and whether that ruling will be affirmed on appeal—as it stands now, Cisco admitted that the Court's current Section 101 ruling is infirm and that, without further exposition, it would necessarily be remanded on appeal. *See Realtime Data LLC v. Reduxio Sys., Inc.*, 831 F. App'x 492 (Fed. Cir. 2020). Given the complexities of both timing and substance at play here, a stay of this litigation does little to "simplify" things for trial.

      Dell's arguments regarding the implications of the *Cisco* Court's rulings lack merit. Regarding the Section 101 ruling on the '369 patent, Dell argues that the decision will "soon be final," and only later admits that the "W.D. Tex. Court will issue a written opinion on the Section 101 issues before entering final judgment." Dell. Br. 5. There is no suggestion in the record of the *Cisco* case that the opinion or judgment will be issued any time soon. Dell also states that, regardless of the issuance of an opinion, the 101 issue has been "fully adjudicated." *Id.* Not so. This Circuit requires a "final and valid judgment" for collateral estoppel to apply (*Jean Alexander Cosmetics*, 458 F.3d at 249), and a judgment must be "sufficiently firm"—such as by including a

reasoned opinion—to warrant preclusive effect (*Free Speech Coal.*, 677 F.3d at 541). Here, the judgment is hardly "sufficiently firm" if it is left completely unexplained.

Regarding the claim construction issue pertaining to the '400 patent, Dell cites this Court's decision in *Sprint* to suggest that issue preclusion applies. But again, there is no final judgment. And Dell ignores that, in *Sprint*, the issue preclusion only applied to the claim construction issue, and was neither dispositive of the case nor justified a stay. The Court in *Sprint* therefore issued claim constructions and asked the parties to "submit a proposed order consistent with this Memorandum Opinion suitable for submission to the jury," underscoring that collateral estoppel did not warrant a stay of the case. *Sprint Commc'ns Co. v. Cequel Commc'ns*, 2014 WL 12774919, at *8 (D. Del. May 16, 2014). Further, Dell ignores that collateral estoppel (even if relevant at this time) based on a non-infringement argument would require proof from Dell that the accused Dell products are "essentially the same as those in the prior litigation," as this Court recognizes *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 637 F. Supp. 3d 141, 145 (D. Del. Oct. 25. 2022) (citing *ArcelorMittal*, 908 F.3d at 1274). Again, Dell furnishes no such proof in its briefing, rendering its collateral estoppel position entirely speculative. Indeed, other than baldly stating that Corrigent has put forward an "identical infringement theory," it has failed to make any showing that Dell's products function in a manner that is not colorably different from the products accused in Cisco.

## 2. The Stage of the Case Counsels Against A Stay

The stage of this case warrants denial of a stay. The parties have completed fact discovery and will complete expert discovery by the end of this month. As Dell admits, this case is "not in its nascent stages"—it has been being litigated for more than two years, and the parties are proceeding swiftly toward summary judgment and trial. In *Cooper Notification*, the Court denied a stay where "[d]iscovery ha[d] just begun and will not be complete for another eleven months,"

and where "[t]rial [wa]s still twenty months away." 2010 WL 5149351, at *3. Nonetheless, "a schedule [was] in place" and "significant resources were devoted to formulating a schedule." *Id.* So too here, although the trial date has not been set, it will likely be this year and this case is much further along than the case in *Cooper Notification*.

Dell's own cases confirm that this matter is too far along to warrant a stay. Dell cites *IOENGINE*, but in *IOENGINE* the Court thought this factor favored a stay where "[n]o depositions ha[d] been taken" and "expert discovery ha[d] not yet begun." *IOENGINE, LLC v. PayPal Holdings, Inc.*, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019). Similarly, in *SunPower*, there was "no case scheduling order" and "document production ha[d] yet to occur." *SunPower Corp. v. PanelClaw, Inc.*, 2014 WL 127749149, at *3 (D. Del. May 16, 2014). This case is at a far more advanced stage than both of the cases on which Dell relies. In light of the above, this factor weighs strongly against a stay.

### 3.   A Stay Would Unduly Prejudice Corrigent and Provide Dell With an Unfair Tactical Advantage At This Stage of the Case

A stay would unduly prejudice Corrigent due to the uncertainty of the timing of the stay, the late stage of the case, and challenges with continuing to litigate this case and bringing witnesses to trial should this case be stayed for some indefinite period of years. As the *St. Clair* Court astutely observed in applying this factor:

> The Court is not persuaded that the prospect of litigating an appeal before the Federal Circuit in Fujifilm I while litigating this action clearly tips the balance of the equities in favor of a stay. Fujifilm is an adjudged infringer, and "the prejudice to St. Clair of delaying this action, which seeks damages for infringement from the time of the last trial through the present, is not insubstantial. With the passage of time, St. Clair is likely to face evidentiary obstacles and the prospect of litigating an expired or nearly-expired patent." 2009 WL 192457, at *2.

Likewise, in *Cooper Notification,* the Court explained:

> [T]he stay, if granted, would almost certainly last many years. Resuming this litigation after a protracted stay would likely raise issues with stale evidence, faded

>memories, and lost documents. Much of the evidence Cooper must amass to prove infringement exists in the minds of witnesses, whose memories will inevitably fade, and who may be difficult to find as time passes. Infringement will also depend to some extent on how Defendants' accused products and services function today, which will be harder to prove years from now. By contrast, some of the matters on which Defendants bear the burden, such as invalidity of the ′428 patent due to anticipation or obviousness, may not grow more difficult to prove, as they are based largely on prior art references, which do not change. 2010 WL 514351, at *4.

This accorded the Defendants in *Cooper Notification* "a clear, and unwarranted, tactical advantage." *Id.* at *3. The same challenges apply here, where the patents at issue are also near their expiry and the significant passage of time between judgment and appeal may prejudice Corrigent's ability to bring and cross-examine witnesses at trial. Given the lack of clarity on the timing of entry of judgment from the Western District of Texas, it might take between 4-5 years for the proceedings in the *Cisco* case to be resolved through appeal. Dell's argument regarding Corrigent's status as an NPE and the availability of monetary damages does not change the fact that Dell would receive an unfair tactical advantage from a stay and that providing a stay could unduly prejudice Corrigent's ability to prosecute this case. Therefore, this factor reinforces that the proposed stay should be denied.

## V.   CONCLUSION

For the foregoing reasons, Dell's motion to stay this case should be denied.

|  |  |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES |
|  | */s/ Andrew C. Mayo* |
| James R. Nuttall | _____ |
| Robert F. Kappers | John G. Day (#2403) |
| Daniel F. Gelwicks | Andrew C. Mayo (#5207) |
| STEPTOE LLP | 500 Delaware Avenue, 8th Floor |
| 227 West Monroe Street, Suite 4700 | P.O. Box 1150 |
| Chicago, IL 60606 | Wilmington, DE 19899 |
| (312) 577-1300 | (302) 654-1888 |
| jnuttall@steptoe.com | jday@ashbygeddes.com |
| rkappers@steptoe.com | amayo@ashbygeddes.com |
| dgelwicks@steptoe.com |  |
|  | *Attorneys for Plaintiffs* |
| Michael C. Miller |  |
| STEPTOE LLP |  |
| 1114 Avenue of the Americas |  |
| New York, NY 10036 |  |
| (212) 506-3955 |  |
| mmiller@steptoe.com |  |
|  |  |
| Christopher A. Suarez |  |
| STEPTOE LLP |  |
| 1330 Connecticut Avenue, NW |  |
| Washington, DC 20036 |  |
| (202) 429-8003 |  |
| csuarez@steptoe.com |  |

Dated:  March 6, 2025